IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ANTHONY K. JOHNSON,**

      **Plaintiff,**

      v.                                         CASE NO. 18-3079-SAC

**CLINT ARNOLD, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Anthony K. Johnson., an inmate at the Riley County Jail in Manhattan, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted his motion to proceed *in forma pauperis* and assessed an initial partial filing fee of $4.00. Plaintiff filed a response (Doc. 6), indicating that he does not have funds available to pay the partial fee. The Court will grant a waiver of the initial partial filing fee. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

**I. Nature of the Matter before the Court**

Plaintiff's allegations in his Complaint involve his state criminal proceedings. *See* Case No. 2017-cr-000087 in Geary County District Court. Plaintiff alleges in his Complaint (Doc. 1) that on January 23, 2017, he was "trailed" by Officer Clint Arnold in Geary County, Kansas. Plaintiff alleges that he was "pulled over apparently for no good reason," and was jailed without receiving a ticket. Plaintiff alleges that he went to trial and the case was dismissed.

Plaintiff names as Defendants Clint Arnold and the Geary County Sheriff's Department. He seeks repayment of his bond money, and payment for loss of his time and wages.

**II. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. Discussion**

   *1. Improper Defendant*

Plaintiff names the Geary County Sheriff's Department as a defendant. To impose § 1983 liability on the county and its officials for acts taken by its employee, plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation. *Myers v. Oklahoma Cty. Bd. of Cty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978)). The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes the constitutional violation at issue," and "there are limited circumstances in which an allegation of a 'failure to train' can be the basis for liability under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy or deficiency in the training program used by the Sheriff or Geary County and no causal link between any such inadequacy and any allegedly unconstitutional acts of the officer. Defendant Geary County Sheriff's Department is subject to dismissal from this action.

   *2. Personal Participation/Constitutional Violation*

An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo*, 465 F.3d at 1227; *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Plaintiff alleges that Officer Arnold pulled him over "for no apparent reason." This bare, conclusory allegation fails to state a constitutional violation. Plaintiff has not identified particular acts or omissions by Defendant Arnold. Plaintiff must explain what each defendant did to him, when the defendant did it, how the defendant's actions harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Since he has failed to do this, Plaintiff has not adequately pled a cause of action under § 1983 against Officer Arnold.

Plaintiff has failed to allege a constitutional violation, and the Court will not supply additional factual allegations to round out Plaintiff's Complaint or construct a legal theory on his behalf. Plaintiff alleges that he went to trial and his state criminal case was dismissed. An online Kansas District Court Records Search indicates that Plaintiff's state court criminal proceedings were dismissed without prejudice on July 21, 2017.[1] Although malicious prosecution claims are not confined to the official deciding to prosecute, Plaintiff has failed to allege how Defendant Arnold participated in Plaintiff's arrest and/or prosecution. *See Sanchez v. Hartley*, 810 F.3d 750, 758 (10th Cir. 2016); *see also Stonecipher v. Valles*, 759 F.3d 1134, 1147 (10th Cir. 2014) ("Of course, the fact that a government lawyer makes the final decision to prosecute does not automatically immunize an officer from liability for malicious prosecution."). There is no allegation that Defendant Arnold was the arresting officer or that he prepared an affidavit in support of an arrest warrant. *Cf. Sanchez*, 810 F.3d at 759 (holding that detectives and investigator should have known that knowing or reckless use of a false confession would violate the Fourth Amendment); *Pierce v. Gilchrist*, 359 F.3d 1279, 1293 (10th Cir. 2004) (holding that malicious prosecution theory would lie against a forensic analyst).

---

[1] *See* No. 2017-cr-000087, Geary County, Kansas.

If Plaintiff is relying on the participation by Defendant Arnold in his confinement, he must allege a "misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Callaway v. Werholtz*, No. 12-2527-EFM, 2013 WL 2297139, at *3 (D. Kan. May 24, 2013) (defining "acting under color of state law" as required by § 1983). Plaintiff has not alleged a misuse of power. Furthermore, "[o]fficials who act pursuant to a 'facially valid court order' enjoy quasi-judicial immunity from suit under § 1983." *Callaway*, 2013 WL 2297139, at *4 (citing *Turney v. O'Toole*, 898 F.2d 1470, 1472 (10th Cir. 1990) (holding that state officials were absolutely immune from § 1983 liability for confining the plaintiff in a state hospital pursuant to a judicial order)).

Furthermore, for a malicious prosecution claim, Plaintiff has the burden to show that the termination of his underlying criminal case was favorable. *Cordova v. City of Albuquerque*, 816 F.3d 645, 650 (10th Cir. 2016) (citing *Wilkins*, 528 F.3d at 803). "[T]he plaintiff must show more than just the withdrawal or vacating of criminal charges—the plaintiff must demonstrate that the criminal proceedings were dismissed for reasons indicative of innocence, and not because of an agreement of compromise, an extension of clemency, or technical grounds having little or no relation to the accused's guilt." *M.G. v. Young*, 826 F.3d 1259, 1262 (10th Cir. 2016) (citation omitted). The mere fact that a prosecutor chooses to abandon a case is insufficient to show a favorable termination. *Cordova*, 816 F.3d at 651 (citation omitted); *see also Wilkins*, 528 F.3d at 802–03 (finding that abandonment of the proceedings is ordinarily insufficient to constitute a favorable termination if "the prosecution [is] abandoned pursuant to an agreement of compromise with the accused; . . . because of misconduct on the part of the accused . . . ; [or] out of mercy requested or accepted by the accused.") (citations omitted). When it is unclear whether or not the termination of the case indicates innocence, courts "look to the stated reasons for the dismissal as

well as to the circumstances surrounding it" and determine "whether the failure to proceed implies a lack of reasonable grounds for the prosecution." *Cordova*, 816 F.3d at 651 (citation and quotation omitted). "[T]he abandonment of prosecution that 'does not touch the merits . . . leaves the accused without a favorable termination.'" *Id*. (citation omitted). A dismissal of charges does not "create a presumption of innocence or shift the burden of proving the element of favorable termination to the defendant." *Id*. at 654. Plaintiff's state court criminal proceeding was dismissed without prejudice and he has not shown that it was dismissed for reasons indicative of innocence.

## IV. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.[2] Plaintiff is given time to file a complete and proper amended complaint in which he (1) shows he has exhausted administrative remedies for all claims alleged; (2) raises only properly joined claims and defendants; (3) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (4) alleges sufficient facts to show personal participation by each named defendant.

---

[2] To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint. *See* Fed. R. Civ. P. 15. An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case (18-3079-SAC) at the top of the first page of his amended complaint and he must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant again in the body of the amended complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances. Plaintiff must allege sufficient additional facts to show a federal constitutional violation.

7

If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint.

**IT IS THEREFORE ORDERED THAT** Plaintiff's initial partial filing fee is **waived**.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **November 12, 2018,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **November 12, 2018**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated in Topeka, Kansas, on this 12th day of October, 2018.**


    **s/ Sam A. Crow**
    **Sam A. Crow**
    **U.S. Senior District Judge**